```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
PATRICIA GAVIN,               )
                              )
        Plaintiff,            )
                              )
    v.                        ) Civ. Action No. 14-730 (EGS)
                              )
PRUDENTIAL OFFICE OF          )
SERVICEMEN'S GRP. LIFE        )
INS. CO., et al.,             )
                              )
        Defendants.           )
_____)
```

## MEMORANDUM OPINION

*Pro se* Plaintiff Patricia Gavin has filed a Complaint against six defendants: Prudential Life Insurance Company's Office of Servicemen's Group Life Insurance; the estate of her former spouse, decedent Lt. Col. Christopher Edward Gavin; and four alleged beneficiaries to the decedent's life insurance policy—Christopher Patrick Gavin, Katherine Gavin, Laura Pate as conservator for Tyler Davis, and Markana Davis. Pending before the Court is defendant Prudential's motion to dismiss, or alternatively for summary judgment. Upon consideration of the motion, the responses and replies thereto, the applicable law, and the record as a whole, Prudential's motion to dismiss the Complaint is **GRANTED** as to all defendants for the following reasons.

## I. BACKGROUND

In March 2012, Lt. Col. Gavin (the decedent) and his wife, Tamara Gavin, were found dead in their Louisiana home. Compl., ECF No. 1, at 1. Plaintiff is Lt. Col. Gavin's ex-wife. *Id*. Although it is difficult to discern the precise claims from her Complaint, Plaintiff appears to allege she is being defrauded out of certain life insurance benefits stemming from her ex-husband's death. *Id.* ¶¶ 1–5. Ms. Gavin offers several assertions of fraud in her Complaint, including that Tamara Gavin and Tamara's mother forged a waiver of survivor benefits in order to profit from Lt. Col. Gavin's death. *Id*. ¶ 3. Ms. Gavin also alleges Tamara Gavin attempted to murder Lt. Col. Gavin in March 2012 after blackmailing him regarding Plaintiff's identity theft. *Id*. ¶ 4.

Plaintiff seeks relief from the Court on the theory that the defendant beneficiaries are the parties perpetrating the fraud she describes. *Id*. ¶¶ 9-11. Ms. Gavin does not appear to claim to be a beneficiary of the life insurance policy. *See generally id.* The Complaint does not specify which particular beneficiaries are responsible for which conduct, but claims that through "the criminal actions of beneficiaries" and others, her identity was stolen and her livelihood was obstructed. *Id.* ¶¶ 3-10. For relief, Plaintiff asks the Court to stop distribution of the life insurance funds, to attach the funds for the alleged

2

fraud, and to award damages for her emotional stress and loss of income. *Id.* at ¶¶ 11-12.

**A.   The Policy**

The decedent Lt. Col. Gavin appears to have been an active service member of the U.S. Air Force. *Id*. As such, he was enrolled in the Servicemember's Group Life Insurance Policy ("SGLI" or "the Policy"), which is issued by Prudential to the Department of Veterans Affairs. Mem. in Supp. of Def.'s Mot. to Dismiss ("MTD Mem."), ECF No. 15-1, at 1. This Policy appears to be the only life insurance policy at issue in this case.[1]

Death benefits under the Policy are paid out according to statute. *See* 38 U.S.C. § 1970. The priority beneficiary paid under the statute is a person, or set of persons, designated by the insured and alive at the time of the insured's death. 38 U.S.C. § 1970(a). If there is no such living beneficiary, the widow or widower of the insured receives the benefits. *Id*. If there is no living widow or widower, the insured's children (or those children's offspring, if any of the insured's children are deceased) receive the benefits. *Id*. If no such children exist, the parents of the insured receive the benefits. *Id*. If the

---

[1] Prudential notes in its motion to dismiss that Tamara Gavin was covered under a separate life insurance policy for family members of a serviceperson. MTD Mem. at 4 n.1. As Ms. Gavin would not qualify as a beneficiary to Tamara's life insurance policy, and has not pleaded otherwise, the Court need not discuss that policy further.

insured has no beneficiary, widow or widower, children, or living parents, the executor of the insured's estate receives the benefits. *Id*. Finally, if none of these parties exists or is living, the insured's next of kin receives the benefit under the laws of domicile where the insured was living when he died. *Id*.

In addition to identifying the contingent beneficiaries who can receive Policy benefits, the statute also limits who *cannot* receive benefits. 38 U.S.C. § 1970(g) proscribes taxation of Policy payments, and creditors may not make claims to the benefits. Congress also expressly prohibited "attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." *Id*.

Payments of Policy benefits are also limited by the so-called "Slayer Rule." 38 C.F.R. § 9.5(e)(2) explains a person may not receive Policy benefits if he or she is found through a criminal or civil proceeding to have intentionally and wrongfully killed the decedent, or to have assisted in the killing. 38 C.F.R. § 9.5(e)(2)(i)-(ii). In addition, such a convicted person's family members are barred from receiving SGLI benefits unless those family members are blood, marriage, or adoptive relatives of the decedent. 38 C.F.R. § 9.5(e)(2)(iii). In short, the regulation codifies the "principle that no person shall be permitted to benefit from the consequences of his or her wrongdoing" by disqualifying murderers and their families

4

from inheriting from their victims through a life insurance policy. *Prudential Ins. Co. of Am. V. Athmer*, 178 F.3d 473, 475–76 (7th Cir. 1999).

**B.    The Motion to Dismiss**

Prudential moves to dismiss the Complaint. Prudential argues Ms. Gavin has no standing to challenge the disbursement of Policy payments, or to attach the payments. MTD Mem. at 1–2. Prudential claims Ms. Gavin has failed to allege she was a named beneficiary to the proceeds, nor has she claimed to be a beneficiary under the statutory order of beneficiary precedence under § 1970(a). *Id*. at 9–10. Accordingly, Prudential concludes, Ms. Gavin lacks standing to sue and fails to state a claim. *Id*. at 6–10. Prudential also challenges sufficiency of service. *Id*. at 10–11. Prudential alternatively moves for summary judgment, arguing Plaintiff's claims are barred by law, and no amount of discovery will change that fact. *Id*. at 11–12. Prudential attaches to its motion, among other things, the Policy, the death certificates of Tamara and Lt. Col. Gavin, and the Policy beneficiary election, which names Tamara Gavin as the sole beneficiary. McCoy Decl., ECF No. 15-3, at Exs. A–D.

Ms. Gavin opposes the motion to dismiss.[2] Pl.'s Resp. and Objs. To Def.'s Mot. to Dismiss, ECF No. 23 ("Opp'n"). She

---

[2] Ms. Gavin initially responded to the motion to dismiss with a request for a stay while she addresses alleged identity theft of

clarifies that she seeks to stop distribution of the funds to Tamara Gavin's children, not to attach the life insurance benefits as a creditor of the estate, but filed the Complaint to prevent distribution of funds to the fraudster defendants. Opp'n ¶¶ 15–16. While her opposition mentions a variety of unsubstantiated instances of fraud, Ms. Gavin reiterated her argument that the life insurance benefits should not be disbursed to the beneficiaries, who perpetrated the fraud that led to the decedent's death. *Id*. at ¶ 37. She further seems to claim that both a waiver of survivor benefits and a beneficiary list had been forged, *id*. at ¶¶ 38–39, and Plaintiff's children concealed the decedent's death in order to hide her Native American status from her, *id*. at ¶ 48.

## II. STANDARD OF REVIEW

The pleadings of *pro se* parties are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Nevertheless,

---

her purported Native American benefits. Pl.'s Resp. to Def.'s Mot. to Dismiss, ECF No. 19. Plaintiff generically asserts fraud on the part of the beneficiaries regarding her Native American status. *Id*. at 1–2. While the Court is puzzled how Ms. Gavin'her children could somehow conceal Ms. Gavin's own Native American heritage, the issues raised in this response are irrelevant to the allegations in the Complaint. Ms. Gavin's request for a stay was denied. *See* Sept. 15, 2014 Order, ECF No. 17.

"although a court will read a *pro se* plaintiff's complaint liberally," a *pro se* complaint, no less than any other complaint, "must present a claim on which the Court can grant relief." *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)). A complaint that is a "confused and rambling narrative of charges and conclusions" or an "untidy assortment of claims that are neither plainly nor concisely stated" must be dismissed. *Poblete v. Goldberg*, 680 F. Supp. 2d 18, 19 (D.D.C. 2009) (quotation marks omitted).

**Rule 12(b)(1)**

Federal district courts are courts of limited jurisdiction and "possess only that power conferred by [the] Constitution and [by] statute." *Logan v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 152 (D.D.C. 2004) (*quoting Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "There is a presumption against federal court jurisdiction and the burden is on the party asserting the jurisdiction, the plaintiff in this case, to establish that the Court has subject matter jurisdiction over the action." *Id.* at 153 (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182–83 (1936)); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). *Pro se* litigants are not relieved of the burden of pleading an adequate jurisdictional basis for their claims.

*Atwal v. Lawrence Livermore Nat. Sec. LLC*, 786 F. Supp. 2d 323, 325 (D.D.C. 2011).

Because subject matter jurisdiction focuses on the Court's power to hear a claim, the Court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a motion for failure to state a claim. *Macharia v. United States,* 334 F.3d 61, 64, 69 (D.C. Cir. 2003). Where necessary, the Court may consider materials outside the pleadings in order to resolve disputed jurisdictional facts. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

A motion to dismiss for lack of standing is considered a challenge to the Court's subject matter jurisdiction to hear the claim. *Little v. Fenty*, 689 F. Supp. 2d 163, 167 n.3 (D.D.C. 2010). To meet the "irreducible constitutional minimum of standing," a plaintiff must establish three elements. *Lujan*, 504 U.S. at 560. A plaintiff must demonstrate (1) he or she has suffered an injury in fact; (2) the injury is traceable to the defendant's conduct; and (3) a federal court decision is likely to redress the injury. *See Ne. Fl. Contractors v. City of Jacksonville*, 508 U.S. 656, 663–64 (1993).

**III. ANALYSIS**

Even construing the Complaint's allegations in a light favorable to Plaintiff, the Court concludes she lacks standing

8

to bring her claims. As best the Court can ascertain, Ms. Gavin fails to allege a cognizable injury because she has no claim to the decedent's Policy benefits.

First, Ms. Gavin has no direct claim to the Policy benefits as a beneficiary. The statutory order of precedence for SGLI benefits is clear, and nothing in the Complaint supports a claim that Ms. Gavin would be entitled to beneficiary status. Ms. Gavin does not allege that she is a named beneficiary of the decedent's Policy. Given that she is not the named beneficiary, Ms. Gavin does not identify how she could possibly claim a right to the Policy benefits when Lt. Col. Gavin's children are living. Absent a named beneficiary or a living spouse, § 1970(a) expressly identifies a decedent's children as Policy beneficiaries. 38 U.S.C. § 1970(a). The only arguable possibility for Ms. Gavin to collect under Lt. Col. Gavin's Policy would be as a beneficiary to the decedent's estate. But even in that case—in the hypothetical event where Lt. Col. Gavin's children *and* parents were disqualified as Policy beneficiaries—Ms. Gavin's claim would still be inappropriate here because she was not the estate executor.[3] *Id.* Any claim to the Policy benefits in that unlikely scenario would be with Lt. Col. Gavin's estate, not with the disbursement of Policy

---

[3] Plaintiff asserts defendant Christopher Patrick Gavin is Lt. Col. Gavin's estate executor. Compl. ¶ 6.

benefits. *See Ridgway v. Ridgway*, 454 U.S. 46, 59 (1981) (reversing injunction of SGLI policy benefits disbursement as barred by statutory anti-attachment provision and noting, "[a]s the trial court intimated, respondents may have a claim against the insured's *estate* for" breach of contract) (emphasis added).

Second, Ms. Gavin fails to articulate any colorable theory that she is entitled to the Policy benefits through the Slayer Rule. Policy benefits disbursement to the children of the decedent and his wife may change somewhat in the event a beneficiary was found to have murdered Lt. Col. Gavin. *See* MTD Mem. at 4–5 n.1. But that is not what has been alleged; Ms. Gavin has not asserted Tamara Gavin or her estate has been held civilly or criminally responsible for the death of Lt. Col. Gavin, as required for the Slayer Rule to apply. *See* 38 C.F.R. § 9.5 Ms. Gavin's fanciful suggestions that Tamara Gavin murdered her husband are entirely unsupported.[4] In any event, Ms. Gavin still would not be a beneficiary to the decedent's Policy because children or parents of Lt. Col Gavin and/or Tamara Gavin would receive Policy benefits—not Plaintiff, Lt. Col. Gavin's ex-wife. *See* 38 U.S.C. § 1970(a); 38 C.F.R. § 9.5. There seems to be no circumstance in which Plaintiff could receive Policy

---

[4] If anything, the death certificates indicate stabbing as the cause of death for Tamara Gavin, not Lt. Col. Gavin. *See* McCoy Decl., ECF No. 15-3, at Exs. C, D; *compare id.* (identifying Lt. Col. Gavin's cause of death as asphyxiation) *with* Compl. ¶ 3 (suggesting decedent stabbed).

10

benefits; thus, "Plaintiff 'lacks the requisite stake in the proceedings.'" *Morris v. Prudential Ins. Co. of Am.*, No. 12-1946, 2013 WL 2370513 (D. Md. May 30, 2013) (dismissing complaint for lack of standing where decedent's mother sought to enjoin SGLI policy payments to named beneficiaries) (quoting *Prudential v. Flanigan*, 204 F.3d 1117, 1117 (5th Cir. 1999) (dismissing SGLI appeal for lack of standing where appellant was not a named beneficiary to policy)).

Third, Ms. Gavin's claims as a creditor to the decedent's estate are also barred by statute. Section 1970(g) protects the Policy benefits from *any* legal or equitable claim, before or after receipt by the beneficiary, including creditor's claims or attachments to the benefit payments. 38 U.S.C. § 1970(g). In discussing disbursement of benefits under SGLI, the Supreme Court specifically has noted, "Congress has spoken with force and clarity in directing that the proceeds belong to the named beneficiary and no other." *Ridgway*, 454 U.S. at 56 (quoting *Wissner v. Wissner*, 338 U.S. 655, 658 (1950)). As the Court noted in *Ridgway*, any claim Ms. Gavin believes she has is more properly before Lt. Col. Gavin's estate, *id*. at 59, a claim Plaintiff appears to be pursuing already. *See* Opp'n ¶ 1 (noting Plaintiff already brought a claim against the estate for fraud and identity theft, but was advised "the life insurance proceeds were handled separately from Probate Court . . . .").

Because she is not an eligible beneficiary to the Policy at issue here, Plaintiff cannot suffer an injury from the disbursement of Policy benefits. Similarly, Ms. Gavin's claims to attach to the proceeds are statutorily foreclosed. Consequently, Ms. Gavin lacks standing to prevent the disbursement of, or attachment to, the Policy benefits.[5] Because Plaintiff lacks standing to sue, the Complaint is dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** defendant Prudential's motion to dismiss the Complaint. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as to all defendants. Having found sufficient grounds to grant the motion on Rule 12(b)(1) grounds, the Court does not reach Prudential's other arguments. An appropriate Order accompanies this Memorandum Opinion.

**Signed:　　Emmet G. Sullivan**
**　　　　　　United States District Judge**
**　　　　　　November 5, 2014**

---

[5] Plaintiff fails to state a claim for much the same reasons the Court has found she lacks standing. The D.C. Circuit has not had occasion to apply 38 U.S.C. § 1970, but other courts differ in their treatment of SGLI benefits cases. Some are resolved on 12(b)(1) grounds, as here, and others for failure to state a claim or on summary judgment. *See, e.g.*, *Mills v. Prudential Ins. Co. of Am.*, 856 F. Supp. 2d 1218, 1224 (D. Colo. 2012) (dismissing plaintiff's challenge to SGLI beneficiaries on 12(b)(6) grounds); *Dachtler v. Anderson*, 772 F. Supp. 2d 1301 (D. Nev. 2011) (dismissing negligence and constructive trust claims on 12(b)(6) grounds). Ms. Gavin's claims alternatively are dismissed pursuant to Rule 12(b)(6) as to all defendants.